IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,302-01






EX PARTE WILLIE TYRONE TROTTIE









ON APPLICATION FOR WRIT OF HABEAS CORPUS

IN CAUSE NO. 663689-A IN THE 262ND 

JUDICIAL DISTRICT COURT OF HARRIS COUNTY





 Per curiam. 



O R D E R



 This is an initial post conviction application for a writ of habeas corpus filed pursuant
to the provisions of Texas Code of Criminal Procedure article 11.071.

 In November 1993, a jury found applicant guilty of the offense of capital murder. The
jury also answered the special issues submitted pursuant to Texas Code of Criminal
Procedure article 37.071 in favor of the State, and the convicting court, accordingly, set
applicant's punishment at death. This Court affirmed applicant's conviction and sentence
on direct appeal. Trottie v. State, No. AP-71,793 (Tex. Crim. App. Sep. 20, 1995) (not
designated for publication).

 Applicant filed this writ application on April 22, 1997, in skeletal form, and with the
court's permission, he later filed a complete application on August 18, 1997. In the
application, he raises eight allegations attacking the validity of his conviction and the
resulting sentence of death. There was no further progress on the writ application, however,
until June 3, 2005, when the State filed an answer and requested that trial counsel provide
an affidavit, which the convicting court ordered on June 22, 2005. An affidavit was not filed,
however, until January 18, 2008.

 Soon thereafter, on April 4, 2008, the State filed its proposed findings of fact and
conclusions of law, and that same day, Applicant filed his reply to the State's answer and his
proposed findings of fact and conclusions of law. About two months later, on June 6, 2008,
the State filed amended proposed findings of fact and conclusions of law. Then, on July 10,
2008, the convicting court appears to have adopted the State's amended proposed findings
and conclusions due to the fact that the judge's signature and order follow the amended
findings and conclusions in the habeas record. However, in its language, the convicting court
states that it "adopts the respondent's proposed findings of fact and conclusions of law,"
rather than the amended proposed findings and conclusions. Thus, the record remains
unclear as to exactly which set of findings the convicting court intended to adopt and be
reviewed by this Court. 


 Due to this ambiguity, this Court remands this writ application back to the convicting
court to enter additional findings of fact and conclusions of law indicating which findings
of fact and conclusions of law it is adopting. The convicting court shall also enter any other
findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of applicant's claim. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), this application for a post-conviction writ of habeas corpus
will be held in abeyance pending the trial court's compliance with this order. Within 30 days
of the date of this order, the trial court shall resolve this issue and have the clerk forward the
record to this Court. (1) 

 IT IS SO ORDERED THIS THE 29TH DAY OF OCTOBER, 2008.

Do Not Publish




 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.